Zhenxiong Fan SBN: 318013
1041 S. Garfield Ave Suite 103
Alhambra CA 91801
Tel: 626-257-0369
E-mail: Zf65@cornell.edu

Attorney for Plaintiff

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Meilian Qian, | Case No.: 24-7459 |
| Plaintiff, | |
| vs. | |
| ALEJANDRO MAYORKAS, SECRETARY | COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF |
| OF UNITED STATES DEPARTMENT OF | |
| HOMELAND SECURITY; UR MENDOZA | |
| JADDOU, DIRECTOR OF U.S. | |
| CITIZENSHIP AND IMMIGRATION | |
| SERVICES;ROSEMARY LANGLEY | |
| MELVILLE, CALIFORNIA SERVICE | |
| CENTER DIRECTOR; UNITED STATES | |
| CITIZENSHIP AND IMMIGRATION | |
| SERVICES; AND UNITED STATES | |
| DEPARTMENT OF HOMELAND | |
| SECURITY, | |
| Defendant(s) | |

## INTRODUCTION

1.) Plaintiff Meilian Qian, brings this action to compel defendants to complete the

adjudication of her I-589, Application for Asylum, Withholding of Removal, and

1

Convention Against Torture, which has been pending before the United States Citizenship and Immigration Services since August 18, 2017.

2.) Ms. Wen is prejudiced by the undue delay in the processing of her application.

**PARTIES**

3.) Plaintiff Xue Wen is a citizen of China and currently reside in Northridge, California.

4.) Defendant Alejandro Mayorkas is the Secretary of the United States Department of Homeland Security (DHS) and is sued in his official capacity only. Defendant Mayorkas is charged with the administration of the United States Citizenship and Immigration Services and implementing the Immigration and Nationality Act.

5.) Defendant Ur Mendoza Jaddou is the Director of United States Citizenship and Immigration Services (USCIS) and is sued in her official capacity only. USCIS is the component of the Department of Homeland Security that is responsible for adjudicating Plaintiff's I-589 application.

6.) Defendant Rosemary Langley Melville is the Field Office Director of the California Service Center of USCIS and is sued in her official capacity only. The California Service Center is charged with the administration of the Immigration and Nationality Act and the adjudication of petitions filed by people living in the California area.

7.) Defendant Department of Homeland Security is the department within which USCIS adjudicates asylum applications.

8.) Defendant Citizenship and Immigration Services is the component of DHS that adjudicates asylum applications.

**JURISDICTION AND VENUE**

9.) Jurisdiction of the Court is predicated upon 28 USC §§1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to 28 USC §2201, the Declaratory Judgment Act; 5 USC §702, 5 U.S.C. §§

706(1) of the Administrative Procedures Act; and 28 USC §1361, regarding an action to compel an officer of the United States to perform his or her duty.

10. Venue is proper in this District under 28 USC §1391(e), because a substantial part of the events and omissions giving rise to the claim occurred in this district.

## FACTS AND BACKGROUND

11. Plaintiff Meilian Qian is a Citizen and National of China residing in Rowland Heights, California.

12. On or about August 30, 2016, Meilian Qian (A209202582), filed an application for asylum, withholding of removal, and Convention against torture (I589) with USCIS. (Receipt Number ZLA1600170040).

13. Based on Plaintiff's current residence, the Los Angeles Asylum Office is in charge of adjudicating plaintiff's asylum application.

14. As of September 2, 2023, USCIS has not taken any action regarding the adjudication of plaintiff's asylum application.

15. Upon information and belief, between August 30, 2016 and September 2, 2024, USCIS has adjudicated tens of thousands asylum applications, filed both before and after Plaintiff's asylum application.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. Plaintiff is owed a duty- the adjudication of her properly filed asylum application, which has been duly filed with USCIS. Defendants have unreasonable delayed and failed to adjudicate the Plaintiff's application for more than 8 years. Plaintiff has no other adequate remedy available for the harm he seeks to redress- the failure of USCIS to process her application in a timely manner.

## FIRST CAUSE OF ACTION

## MANDAMUS RELIEF

17. Plaintiff is entitled to seek asylum relief under 8 U.S.C Code  § 1158. Specifically, 8 U.S.C. § 1158(d)(5) provides in part that, " in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed.

18. The Defendants have unreasonably delayed and refused to adjudicate Plaintiff's application for more than 8 years, thereby depriving Plaintiff of his right to a decision on her immigration status and the peace of mind to which she is entitled.

19. As a direct result of USCIS's delay, plaintiff's employment opportunity was diminished, because lack permanent resident status, for which asylee status is a prerequisite, makes her less appealing to prospective employers and also prevents her from obtaining security clearances required for certain positions.

20. Defendants inaction in Plaintiff's case has caused inordinate and unfair amount of stress, expense, and hassle for the Plaintiff, who is entitled to a decision on the merits of her application without further unreasonable delay.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

21. The administrative Procedure Act provides, in part, that a "reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

22. Defendant's delay in processing Plaintiff's asylum application is unreasonable given that the defendants had over 8 years to schedule an asylum interview for plaintiff and render a decision. In the interim, defendants adjudicated tens of thousands of other asylum applications, filed both before and after Plaintiff's application.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.) Compel the Defendants and those acting under them to take all appropriate action to adjudicate Plaintiff's asylum application within a reasonable period of time.

4

2.)  Grant such other and further relief as this Court deems proper.

Respectfully Submitted.


Dated this [2 day of September, 2024]

_____
Zhenxiong Fan
Counsel for Plaintiff